[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13764
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10, 2012
JOHN LEY
CLERK

D. C. Docket No. 0:10-cv-60783-KMM

CHARLOTTE E. NICHOLAS,

Plaintiff-Appellant,

versus

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 10, 2012)

Before DUBINA, Chief Judge, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

This case presents a very narrow issue: whether a consumer who prevails in a lawsuit brought under the Fair Debt Collection Practices Act ("FDCPA") *may* recover fees paid for court-ordered mediation.

Plaintiff/Appellant, Charlotte E. Nicholas ("Nicholas"), brought an action under the FDCPA and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA"), against Allianceone Receivables Management, Inc., ("Allianceone"), a debt collector. Specifically, Nicholas alleged in her complaint that Allianceone sought to collect on an alleged debt owned by Nicholas by leaving an excessive number of messages on Nicholas's voice mail when Allianceone failed to disclose the fact that it was a "debt collector," in violation of both federal and Florida state law.

Subsequently, the parties settled the case for $2,001.00 plus reasonable attorney's fees and costs, to be determined by the court. Nicholas then filed a verified motion for an award of costs and attorney's fees. In her motion Nicholas sought attorney's fees in the amount of $3,314.50, representing 9.74 hours of work at an hourly rate of $350.00. Nicholas also sought to recover costs in the amount of $991.75. Additionally, in a supplemental declaration, Nicholas sought fees in the amount of $2,156.00, representing 6.16 hours of work at an hourly rate of $350.00, for fees incurred in litigating the attorney's fee issue.

The case was referred by the district court to a magistrate judge pursuant to 28 U.S.C. § 636 *et seq.* The magistrate judge concluded that Nicholas was entitled to an award of attorney's fees in the total amount of $4,689.00, representing $2,841.00 for 9.47 hours of work at an hourly rate of $300.00, and $1,848.00 for 6.16 hours of work also at an hourly rate of $300.00. The magistrate judge also found that Nicholas was entitled to a total of $430.00 in costs representing the filing fees ($350.00) and service calls ($30.00), as well as the cost associated with a cancelled deposition ($50.00).

This appeal concentrates on the district court's ruling that Nicholas was not entitled to mediation fees because those costs are not taxable under 28 U.S.C. § 1920. We agree with the district court's ruling and find persuasive our decision in *Gary Brown & Assoc., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 845–46 (11th Cir. 2008), denying a prevailing party's request for mediation expenses. Accordingly, we affirm the district court's order adopting the magistrate judge's Report and Recommendation.

**AFFIRMED.**